UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALAN HEADMAN,

    *Plaintiff*,

        v.

CLAYTON R. HIGGINS, JR.,

    *Defendant*.

Civil Action No. 22-952 (TJK)

## ORDER

Pro se Plaintiff sued Defendant, an employee in the Office of the Clerk of the United States Supreme Court. Plaintiff alleges that Defendant committed an "unconstitutional denial of due process" when, under the local rules, he refused more than once to file Plaintiff's petition for certiorari with the Supreme Court because Plaintiff failed to attach copies of various lower court rulings against him. ECF No. 1 at 2–3. Plaintiff alleges that Defendant lacks the authority to "predetermine the outcome" of his petition for a writ of certiorari, and he seeks an injunction requiring the Clerk of the Supreme Court to file his petition. *Id.* at 6–7.

The Court lacks subject-matter jurisdiction over the complaint. "[O]n rare occasions, [a court] may dismiss a case *sua sponte* for lack of subject-matter jurisdiction." *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016); *see* Fed. R. Civ. P. 12(h)(3). "This occurs where a complaint . . . present[s] no federal question suitable for decision." *Vasaturo*, 203 F. Supp. 3d at 44 (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). One such situation is when a complaint seeks "review [of] any decision of the Supreme Court or its Clerk." *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam). Indeed, any claim "against the Clerk of the United States Supreme Court . . . for acting within the scope of [his or her] respective duties [is] barred." *Brown v. Suter*,

298 F. App'x 15, 15 (D.C. Cir. 2008) (cleaned up).  This is so because the Supreme Court's "supervisory authority" over its Clerk is "exclusive" and lower courts may not "compel the Clerk of the Supreme Court to take any action."  *In re Marin*, 956 F.2d at 340.

For relief, Plaintiff seeks an injunction "effectively ask[ing] this Court to decide that the Supreme Court . . . Clerk . . . must accept" his petition.  *Bent v. Talkin*, 280 F. Supp. 3d 107, 110 (D.D.C. 2017), aff'd, No. 18-5001, 2018 WL 4099587 (D.C. Cir. Aug. 14, 2018).  But the law in this Circuit is clear:  lower courts lack the authority to instruct the Clerk of the Supreme Court to take any particular action.  *See In re Marin*, 956 F.2d at 340; *Miller v. Harris*, 599 Fed. App'x 1 (D.C. Cir. 2015) (per curiam) (citing *In re Marin*, 956 F.2d at 340); *Hilderbrand v. Suter*, No. 14-1449 (JEB), 2014 WL 4240169, *1 (D.D.C. Aug. 22, 2014) ("This Court has no authority to determine what action, if any, must be taken by the Supreme Court and its administrative officers.").

Accordingly, it is hereby **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED** for lack of subject-matter jurisdiction.  This is a final appealable order.  The Clerk of the Court is directed to close the case.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 26, 2022

2